**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TIMOTHY P. RODGERS,**<br><br>**Defendant.** | **Case No. 23-CR-30121-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is Defendant Timothy P. Rodgers' Motion to Continue Criminal Case and Stay Proceedings Pending Resolution of Veteran Affairs Case, (Doc. 142), and Motion to Dismiss Indictment. (Doc. 143). For the reasons set forth below, Defendant's motions are **DENIED**.

## Factual and Procedural History

Defendant Timothy P. Rodgers ("Rodgers") served in the United States Army from January 2008 to October 2014. (Doc. 1, p. 1). Before his discharge, and continuing throughout the years after his discharge, Rodgers applied for and received various United States Department of Veterans Affair ("VA") Benefits, including Disability Compensation benefits and Special Monthly Compensation ("SMC"). (Docs. 1, 145). SMC is a special category of disability compensation for veterans who are "in need of regular aid and attendance," and "in the absence of such regular aid and attendance, would require hospitalization, nursing home care, or other residential institutional care." 38 C.F.R. § 3.350(j). In a June 12, 2019, rating decision, the VA

found that Rodgers was entitled to SMC based on Rodgers' statements to the VA and a questionnaire he filled out on May 31, 2019. (Doc. 1, p. 3–4).

## I. VA Proceedings

In 2022, the U.S. Department of Veterans Affairs, Office of Inspector General ("VA-OIG") began an investigation into Rodgers and the benefits he was receiving. (Doc. 145, p. 3). The VA-OIG concluded that Rodgers was exaggerating his physical disabilities based upon evidence of Rodgers "running, lifting heavy items, socializing with friends, and driving." (*Id.*). This evidence conflicted with Rodgers' May 31, 2019, statements that "he could not drive, lift more than five pounds, or 'walk for prolonged periods.'" (Doc. 1, p. 3). The VA-OIG sent the results of its investigation to the Veterans Benefits Administration to determine if Rodgers was entitled SMC. (Doc. 145, p. 3).

Following the VA-OIG's investigation and findings, the VA proposed to discontinue Rodgers' entitlement to SMC in a rating decision issued on September 13, 2022. (*Id.*, p. 3–4). Rodgers appealed this decision to the Veteran Benefits Administration. (*Id.*, p. 4). On September 19, 2023, the Veteran Benefits Administration issued a final Rating Decision discontinuing Rodgers' entitlement to SMC. (*Id.*). In its decision, the Veteran Benefits Administration stated the reason for discontinuing Rodgers' entitlement to SMC was "fraud." (*Id.*). On September 16, 2024, Rodgers appealed the Veteran Benefits Administration's decision to the Board of

Veterans' Appeals ("BVA") arguing that his entitlement to SMC be reinstated. (*Id.*). [1] As of the date of this opinion, the appeal is still pending.

## II. Criminal Proceedings

On October 17, 2023, Rodgers was indicted by federal grand jury in the United States District Court for the Southern District of Illinois. (Doc. 1). Rodgers was indicted with multiple counts of Wire Fraud in violation of 18 U.S.C. § 1343, one count of Concealing a Material Fact by Trick, Scheme or Device in violation of 18 U.S.C. § 1001(a)(1), one count of Making or Using a False Writing or Document in violation of 18 U.S.C. § 1001(a)(3), one count of Concealment of Bankruptcy Assets in violation of 18 U.S.C. § 152(1), and one count of False Bankruptcy Declaration in violation of 18 U.S.C. § 152(3). (*Id.*). The basis for the wire fraud charges against Rodgers are the allegedly fraudulent statements he made to VA officials to obtain VA benefits and SMC. (*Id.*).

On May 27, 2026, Rodgers filed his Motion to Continue Criminal Case and Stay Proceedings Pending Resolution of Veteran Affairs Case, (Doc. 142), and his Motion to Dismiss Indictment. (Doc. 143). The Government responded in opposition, (Docs. 145, 146), and oral arguments were held. *See* (Doc. 161).

## Analysis

Rodgers argues that because his indictment is based on the VA's allegations of fraud, and because he has not exhausted his administrative and judicial review of the VA's decision, the Court should dismiss or alternatively stay the criminal proceedings

---

[1] BVA docket number 240916-474039. (Doc. 145).

against him. *See* (Docs. 142, 143). He argues that the indictment should be dismissed, or the case stayed, because the BVA has exclusive jurisdiction over cases involving VA benefits obtained by fraud. (Doc. 142, p. 5; Doc. 143, p. 4).

This Court has jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. Rodgers has not cited any case law or statute explaining why his pending appeal with the BVA should prevent his criminal case from proceeding Additionally, Rodger's argument that his criminal case should be dismissed or stayed until all administrative and judicial review of the VA's decision is squarely foreclosed by the decision in the United States Court of Appeals for the Seventh Circuit in *United States. v. Roberts*, 534 F.3d 560, 568 (7th Cir. 2008).

In *Roberts*, the defendant received multiple types of VA benefits in relation to his military service and associated disability. *Id.* at 564. In his application for benefits, the defendant told the VA that he was suffering from PTSD based on a traumatic event he witnessed while in the service. *Id.* at 564–67. The defendant received VA benefits for years based on these representations to the VA. *Id.* However, after an investigation into the defendant's claims, the VA concluded that the defendant had been lying about the traumatic event and his benefits were discontinued. *Id.* at 567. The defendant appealed the discontinuation of his benefits, and while his VA appeals process was ongoing, the defendant was indicted with multiple counts of wire fraud for lying in his application for VA benefits. *Id.* The defendant moved to dismiss the indictment, arguing that the district court lacked jurisdiction. *Id.* at 567–68. The district court denied the defendant's motion. *Id.* at

568. The defendant was convicted of wire fraud based on the materially false information he had provided the VA to obtain benefits. *Id.* at 567. On appeal, the Seventh Circuit affirmed the defendant's conviction and the district court's decision denying the defendant's motion to dismiss the indictment. *Id.* at 573.

Here, Rodgers makes the same arguments that the defendant did in *Roberts*. Rodgers argues that because he has not exhausted his administrative and judicial review of the VA's decision to discontinue his benefits, the Court should dismiss or stay his criminal case. *See* (Docs. 142, 143). While it is true that Rodgers' case before the BVA involves similar questions as his criminal case before this Court, his "criminal prosecution is independent of the administrative review process." *Roberts*, F.3d at 568. Therefore, there is no reason to dismiss the Rodgers' criminal case.

## CONCLUSION

For the reasons provided, Defendant Timothy P. Rodgers' Motion to Continue Criminal Case and Stay Proceedings Pending Resolution of Veteran Affairs Case, (Doc. 142), and Motion to Dismiss Indictment. (Doc. 143) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 10, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**